### John Moody, Appellant, v. M. L. Henry et al., Appellees.

1. FARM DRAINAGE ACT—*section 17 construed.* Section 17 of the Farm Drainage Act does not absolutely require that the commissioners shall employ tile drains; a discretionary power is vested with such commissioners.

2. MANDAMUS—*when lies to review exercise of discretionary power.* A discretionary power conferred upon public officials is subject to review by *mandamus* where fraud has intervened to induce the exercise of such discretionary power.

3. MANDAMUS—*what not allegation of fraud in exercise of discretionary power.* In a *mandamus* proceeding to compel the employment of tile drains by commissioners it is not a charge of fraud with respect to the exercise of such power to say that the commissioners, or a majority of them, from selfish motives, and to avoid the payment of their just proportion of the cost of the extension of the tile drain across the lands of the petitioner, refused, without any good and sufficient reason, and in fraud of the petitioner's rights, to change or alter said system of drainage from an open ditch to a tile drain.

*Mandamus.* Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

L. A. MILLS, HUGH CREA, and HUGH W. HOUSUM, for appellant.

WHITLEY & FITZGERALD, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellant filed a petition for *mandamus* in the Circuit Court of Macon county against appellees, as drainage commissioners of Drainage District No. 1 in the town of Mt. Zion, in Macon county, to compel them to construct upon and across his premises a tile drain instead of an open ditch as proposed and planned by the said commissioners. A demurrer was sustained to the petition, whereupon appellant elected to abide by his petition, and this appeal followed.

In the petition it was in substance stated that appellant, with others, had organized a farm drainage district under section 76 of chapter 42 of the Revised Statutes and that the commissioners of highways of Mt. Zion township became drainage commissioners and for a few days acted as such; that on the ninth day of March, 1906, the said commissioners adopted the plans of one Loring, an engineer and surveyor, by which a tile drain was to be installed in an open ditch which had been previously dug and excavated by mu-

tual agreement, through the lands of appellant; that a proper classification of the lands benefited was made, based upon such plans so adopted; that on the tenth day of March, 1906, and one day after such classification had been filed, but before notice had been given to the landowners for a hearing thereon, an election for drainage commissioners was held in said district when appellees were duly elected such commissioners; that they duly qualified as such on the twelfth day of March, 1906; that after their election and qualification appellees prepared another plan for the drainage of such district by force of which, among other changes, they proposed to clean out or enlarge the old ditch that had previously been dug by mutual agreement over and across the premises of appellant, instead of using tile across said farm as was contemplated in the original plan; that it was practicable to construct or lay such tile drain upon and across appellant's premises as determined by the former commissioners in lieu of such open ditch as determined by the commissioners elected on March 10; that appellees had arbitrarily refused to lay a tile drain in the place of said open ditch to avoid the tax that would otherwise be levied upon their respective lands in such drainage district and that they had abused their discretion in making such change from tile to open ditch and that appellant would suffer loss and damage to his premises from the open ditch which he would not suffer if the tile was installed as originally planned.

The law governing the action of appellees in the premises is found in sections 17 and 76 of the Farm Drainage Act of the Revised Statutes. In said section 17 it is provided that "Preference shall be given to tile drains whenever these will accomplish the purpose," and in section 76 it is provided that "These ditches, if open, shall be made tile drains when practicable."

The main controversy is whether under such sections the commissioners are vested with any discre-

tion in the premises in determining whether an open ditch or tile should be employed in such work. If they have such discretion then the writ of *mandamus* will not lie, except in case of fraud in the use of such discretion. People v. Kent, 160 Ill. 655-662; Kelley v. Chicago, 62 Ill. 280-281; Wood v. Strother, 9 Amer. St. Rep. 249.

We think a fair construction of the two sections quoted, which must be construed together, clothes the commissioners with a discretion in the premises and that we have no right to peremptorily direct them to use tile in the work in controversy. The employment of the words, "preference shall be given to tile" and "open ditches shall be made tile when practicable," suggests that there may be cases where, in the exercise of a discretion, the commissioners may find that an open ditch will be more serviceable than a tile drain. The legislature in framing the law undoubtedly had in mind the fact that in many instances an open ditch will answer the purpose of a tile drain and at a less cost; that there may be difficulty in laying tile in one piece of land which would not be encountered in another; that the grade, the depth of the cut, the character of the soil and the relative costs of the two are all matters to be taken into consideration in determining whether or not the use of tile is practicable or is preferable to an open ditch. This consideration implies the use of a discretion and its exercise belongs exclusively to the commissioners.

Appellant contends, however, that fraud upon the part of the commissioners is charged in the petition and that on that ground the court has the power to review their acts and the demurrer should have been overruled. The only allegation made in the bill in this respect is to the effect that said appellees, or a majority of them, from selfish motives, and to avoid the payment of their just proportion of the cost of the extension of the tile drain across the lands of appellant refused, without any good and sufficient reason,

and in fraud of appellant's rights, to change or alter said system of drainage from an open ditch to a tile drain. This is a statement of a mere conclusion upon the part of the pleader. No statement of facts is here attempted from which the court can say, as a matter of law, that if proved appellees are guilty of fraud upon account of which the writ of *mandamus* should issue. The allegations in the bill upon this subject at most amount merely to saying that appellees are taxpayers in the district and have some personal or pecuniary interest which may to some extent be affected by their own action as commissioners.

Such interest was held in People v. Cooper, 139 Ill. 496, to in no way disqualify them from service as such commissioners, and in no way tends, in our judgment, to show such character of fraud that will warrant the writ of *mandamus* in a case where it should issue for no other reason.

The demurrer to the petition was properly sustained by the trial court and its judgment is affirmed.

*Affirmed.*